PEOPLE v RICH

Docket Nos. 104206, 104218. Submitted September 9, 1988, at Lansing. Decided October 18, 1988. Leave to appeal applied for.

Robert Leon Rich pled guilty to breaking and entering with intent to commit larceny, Washtenaw Circuit Court, Edward D. Deake, J. Defendant failed to appear for sentencing. He was subsequently convicted of larceny in a building on the basis of a guilty plea tendered to the same trial judge who convicted him of breaking and entering. Defendant received concurrent prison sentences of ten to fifteen years for breaking and entering and two to four years for larceny in a building. Defendant appealed.

The Court of Appeals *held:*

1. The Washtenaw Circuit Court's policy of reassigning all future criminal cases of an individual to the trial judge who presided over the individual's initial criminal case does not violate MCR 8.111, which permits local courts to adopt their own systems for assignment of cases. Also, defendant did not show that he was prejudiced by having the same trial judge presiding over his cases.

2. The record at sentencing shows that defendant was accorded an opportunity to exercise his right of allocution. Thus, defendant's claim of a denial of that right is without merit.

Affirmed.

COURTS — ASSIGNMENT OF CRIMINAL CASES — COURT RULES.

A policy of a circuit court, as contained in an adopted administrative order, of reassigning all future criminal cases of an individual to the trial judge who presided over the individual's initial criminal case does not violate the court rule which permits local courts to adopt their own systems for assignment of cases; the application of the policy does not by itself result in bias or prejudice to the individual (MCR 8.111).

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Courts §§ 85, 86.
See the Index to Annotations under Rules of Court.

*Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Jennifer A. Pilette*), for defendant on appeal.

Before: CYNAR, P.J., and SHEPHERD and DOCTOROFF, JJ.

PER CURIAM. On December 18, 1986, defendant pled guilty to breaking and entering with intent to commit larceny, MCL 750.110; MSA 28.305. In exchange for the plea, the prosecutor dismissed the supplemental habitual offender information. On February 5, 1987, defendant failed to appear for sentencing. Thereafter, defendant was charged with a larceny in a building offense that allegedly occurred on February 18, 1987. On April 9, 1987, defendant pled guilty to larceny in a building, MCL 750.360; MSA 28.592. In exchange for the second plea, the prosecutor agreed not to file a supplemental habitual offender information. Defendant was sentenced to ten to fifteen years in prison on the breaking and entering offense and two to four years on the larceny offense with both sentences to run concurrently. Defendant appeals as of right. We affirm.

Defendant first argues that the Washtenaw Circuit Court's local policy of reassigning all future criminal cases to the trial judge who presided at defendant's original criminal case, the "judge for life" rule, violates the clear mandate of MCR 8.111, the concept of individualized sentencing, and creates a sentencing disparity between like defendants in different counties. Defendant notes that both his instant criminal cases were reassigned to Judge Edward D. Deake, under the judge

for life rule, because Judge Deake originally presided over a criminal case involving defendant in 1973. Defendant maintains that both of his cases must be remanded for resentencing before a different trial judge. We disagree.

In the present case, defendant has not shown any bias or partiality on the part of the judge. Also, defendant has not shown that he was prejudiced by having the same trial judge presiding over his criminal cases. On the contrary, both of defendant's sentences were within the sentencing guidelines and were not unreasonable in light of defendant's prior convictions. Additionally, the trial judge imposed concurrent sentences in this case even though it was within his discretion to impose consecutive sentences.

Furthermore, the mere fact that the trial judge was acquainted with defendant's prior history is not indicative of bias or prejudice by itself. Even a trial judge who had never seen defendant before would have been aware of defendant's prior record on the basis of the presentence investigation report.

Thus, we find no bias or prejudice to defendant under the trial court's administrative policy in this case. We further find that the Washtenaw Circuit Court's policy, as adopted in its Administrative Order 85-2, is not in conflict with MCR 8.111. MCR 8.111(B) permits local courts to adopt their own systems for assignment of cases through administrative orders.

Defendant also argues that he is entitled to resentencing because he was denied his right of allocution until after his sentence was imposed. We disagree. The sentencing record reveals that the trial court asked defendant if he wished to exercise his right of allocution. However, before

defendant was able to make a statement, the trial judge started to sentence defendant. At that time, defense counsel immediately interrupted the trial judge and advised him of the mistake before the sentence was imposed. Thereafter, defendant and defense counsel were given the full opportunity to allocute prior to the imposition of sentence. Accordingly, we find no error.

Affirmed.